UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISIAH T. STEVENS,

      Plaintiff,

v.                                                                    Case No:  2:12-cv-648-Ftm-99SPC

DOLLAR TREE STORES, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on Joint Motion for Approval of Confidential Settlement Agreement and to Dismiss Lawsuit With Prejudice (Doc. #14) filed on January 18, 2013.  In this FLSA case, the Parties indicate they have reached a confidential settlement of the Plaintiff's claims against the Defendants and seek approval of the agreement.  The confidential settlement agreement has been provided by the Parties to the Court for *in camera* review.  (Doc. #15).  The Court has reviewed the agreement and now issues the following report and recommendation.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 et. seq.  The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982),  the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  There are two ways for a claim under the FLSA to be settled or compromised.  Id. at 1352-53.  The first

is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of

unpaid wages owed to employees.  Id. at 1353.  The second is under 29 U.S.C. §216(b) when an

action is brought by employees against their employer to recover back wages. Id.  When the

employees file suit, the proposed settlement must be presented to the district court for the district

court review and determination that the settlement is fair and reasonable.  Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by

employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be
> represented by an attorney who can protect their rights under the statute. Thus,
> when the parties submit a settlement to the court for approval, the settlement is
> more likely to reflect a reasonable compromise of disputed issues than a mere
> waiver of statutory rights brought about by an employer's overreaching. If a
> settlement in an employee FLSA suit does reflect a reasonable compromise over
> issues, such as FLSA coverage or computation of back wages, that are actually in
> dispute; we allow the district court to approve the settlement in order to promote
> the policy of encouraging settlement of litigation.

Id. at 1354.

In this case, the Parties have agreed to a settlement amount, with a compromise reached

between the parties regarding compensation of the Plaintiff's FLSA claim.  The joint motion

indicates that the attorney's fees were negotiated equitably and the settlement compromises a fair

and reasonable resolution of a bona fide dispute over FLSA provisions.  Upon review of the

settlement agreement, it appears that the settlement agreement is between Plaintiff, Isiah T.

Stevens, and Defendant Dollar Tree Stores, Inc., for full settlement and release of Plaintiff's

claims.

Plaintiff and Defendants agree that the Settlement Agreement is entered into knowingly

and voluntarily, after having the opportunity to fully discuss it with an attorney.  Because the

Parties inform the Court that the terms of the settlement were made, with compromise, for all the

work the Plaintiff performed on the Defendants' behalf, the Court concludes and recommends that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RECOMMENDED:**

(1)      Joint Motion for Approval of Confidential Settlement Agreement and to Dismiss Lawsuit With Prejudice (Doc. #14) be **GRANTED** and the settlement agreement between Plaintiff and Defendant be **APPROVED** by the District Court**.**

(2)      It is further respectfully recommended that the case be **DISMISSED with prejudice** pursuant to the agreement of the Parties.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 23rd day of January, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record